### McDOWELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1923.)

#### No. 3865.

Internal revenue ☞2—Statute forfeiting vehicles used to avoid revenue tax, repealed as to liquors by Prohibition Act.

Rev. St. § 3450 (Comp. St. § 6352), in so far as it provides for forfeiture of an automobile used to transport liquor on which the tax has not been paid, is repealed by Prohibition Act, tit. 2, § 26.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Proceeding by the United States against One Automobile; E. P. McDowell, doing business as the E. P. McDowell Motor Company, claimant. From a judgment of forfeiture, claimant brings error. Reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Grimstad & Brown, of Billings, Mont., and Charles A. Strong, of San Francisco, Cal., for plaintiff in error.

John L. Slattery, U. S. Atty., Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before GILBERT and HUNT, Circuit Judges, and WOLVER-TON, District Judge.

HUNT, Circuit Judge.   McDowell, doing business as McDowell Motor Company, owned an automobile which, in January, 1921, was lawfully in possession of one Stuper under a valid contract of conditional sale.   Stuper used the automobile to transport whisky upon which the internal revenue tax had not been paid.   Seizure followed, and McDowell intervened as a vendor who reserved title to the machine until final payment.   The District Court ordered the automobile forfeited and sold.   McDowell sued out writ of error.

The question argued was whether section 3450 of the Revised Statutes (Comp. St. § 6352) was repealed by the provisions of the National Prohibition Act (41 Stat. 305).   Section 3450 is one of the long-standing provisions of the internal revenue statutes, common to several objects of taxation, and in substance provides that:

"Whenever any * * * commodities for or in respect whereof any tax is, or shall be imposed, * * * are removed * * * with intent to defraud the United States of such tax, * * * all such goods and commodities, * * * carriage, or * * * conveyance * * * shall be forfeited."

In United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, the court held that section 35 of the National Prohibition Act providing that "all provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency," should be construed in the light of the rule that later enactments repeal former ones practically covering the same acts, but fixing a lesser penalty. Section 26 of the National Prohibition Act authorizes the seizure of the liquor and of the automobile used in transporting, the arrest of the person in charge, makes provision for the temporary release of the vehicle upon execution of a bond, and provides that upon conviction of the person so arrested the court shall order the liquor destroyed and a sale of the property seized.   But the penalty for the violation of the section is less severe than that provided for under section 3450, supra.   There is a further distinction between the two statutes, in that under section 3450 a vehicle used for transporting articles upon which a tax is imposed where the intent is to defraud the United States is forfeited, without regard to the innocence of the owner of the vehicle; whereas, under section 26 of the National Prohibition Act, one who holds a lien upon a vehicle which has been used for illegal transportation of liquor may assert his right and show cause why the vehicle should not be forfeited.

While there is a conflict in the decisions upon the question for decision, we think the better reasoning is in accord with United States v. One Haynes Automobile, 274 Fed. 926, a case similar to the present one, where the Court of Appeals for the Fifth Circuit held that it

was not to be assumed that Congress intended to provide "for the forfeiture of vehicles under section 26 of the Volstead Act, with its provisions for preserving the rights of third persons and still leave them subject to be forfeited under the more drastic provisions of Revised Statutes, § 3450." In Lewis v. United States, 280 Fed. 5, the Circuit Court of Appeals for the Sixth Circuit also held that section 3450 is impliedly repealed to an extent by the provision of the National Prohibition Act, and that there cannot be a forfeiture under section 3450 of the vehicle used in transporting or concealing intoxicating liquor manufactured or intended for beverage purposes with intent to defraud the revenue law.

In United States v. One Packard Motor Truck, 284 Fed. 394, District Court for the Eastern District of Michigan, where the owner moved for a return of the truck which had been seized on the ground that it was being loaded with beer being imported to the United States with intent to defraud, in violation of the customs laws and the Prohibition Act, it was held that the customs statutes, having been enacted earlier, are by necessary implication repealed by the subsequently enacted sections of the Prohibition Act. The court cited United States v. Yuginovich, supra, and many other cases decided by the federal courts, including Farley v. United States, decided by this court and reported in 269 Fed. 721. In United States v. Stafoff, and others (January 2, 1923) 43 Sup. Ct. 197, 67 L. Ed. ——, the Supreme Court held that, where the offenses were charged to have been committed prior to the date that the supplemental act of November 23, 1921, 42 Stat. 222), took effect, the rules of the Yuginovich Case, supra, should be applied.

Our conclusion is that, in so far as it is provided by section 3450 for the forfeiture of automobiles used to transport liquor upon which the tax has not been paid, the section has been repealed by the provisions of the National Prohibition Act, and that the conclusion of the District Court was erroneous.

Judgment reversed, and cause remanded, with directions to enter judgment in favor of the intervener.