WELLS–DICKEY CO., RESPONDENT, *v.* AMERICAN ALLI-ANCE INSURANCE CO., APPELLANT.

(No. 5,373.)

(Submitted January 25, 1924. Decided February 15, 1924.)

[223 Pac. 489.]

*Fire Insurance—Principal and Agent—Authority of General Agent—Knowledge of Agent Imputable to Principal.*

Fire Insurance—General Agent—Authority.

  1. A local fire insurance agent whose authority was not limited in any way was the general agent of his company—its vice-principal—and as such will be deemed to have had exclusive charge and control of its interests in the city of his location and the region tributary thereto.

Same—Knowledge of Agent—Imputable to Principal.

  2. Knowledge gained by a general agent of an insurance company as to matters within the general scope of his authority is imputable to the company.

Same—Change of Ownership of Insured Property—Knowledge of Agent Imputable to Company.

  3. A fire insurance policy contained a provision requiring the mortgagee of insured property to notify the company of any change of ownership of the property. A change of ownership having taken place, the agent of the company, who also acted as agent for the mortgagee in collecting and remitting interest on loans made by the latter, notified the mortgagee, but neither he nor the mortgagee notified the insurance company of the transfer. The property was destroyed by fire and in an action by the mortgagee to recover the amount of the policy, the defendant company asserted nonliability because of the mortgagee's failure to notify it of the sale of the

---

2. Who is agent of insurance company so as to make his knowledge imputable to the company, see note in Ann. Cas. 1912D, 95.

property and that the agent's knowledge, having been gained while transacting business not connected with the company's business, was not binding upon it. *Held,* that it was immaterial how the agent obtained knowledge of the sale, but that having obtained it, his knowledge was imputable to the company (par. 2, *supra*) and that the insurer was liable, it not having been prejudiced in any way by the failure of plaintiff to give notice.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the Wells-Dickey Company against the American Alliance Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Freeman, Thelen & Frary,* for Appellant, submitted a brief; *Mr. G. S. Frary* argued the cause orally.

It is the contention of appellant that there is no liability upon this policy of insurance in so far as respondent is concerned. There is no doubt that there was a change of ownership in the property, and that the appellant company was never notified of the same by the respondent company, nor did it have any knowledge of said change in ownership or occupancy. The only interest of respondent in this action is that of a mortgagee. (*Phoenix Ins. Co.* v. *Omaha Loan & Trust Co.,* 41 Neb. 834, 25 L. R. A. 685, 160 N. W. 133; *North British & M. Ins. Co.* v. *Bohn,* 49 Neb. 572, 68 N. W. 942; *Cole* v. *Germania Fire Ins. Co.,* 99 N. Y. 36, 1 N. E. 38; *Ormsby* v. *Phoenix Ins. Co.,* 5 S. D. 72, 58 N. W. 301; *Continental Ins. Co.* v. *Anderson,* 107 Ga. 541, 33 S. E. 887.)

The rule that the knowledge of the agent is the knowledge of the company is subject to the conditions that the knowledge must be gained when acting as agent for the company and not for someone else upon business having no relation to respondent company's business. (See 3 Cooley's Brief on Insurance, 2540; *Union National Bank* v. *German Ins. Co.,* 71 Fed. 473, 18 C. C. A. 203; *Shaffer* v. *Milwaukee M. Ins. Co.,* 17 Ind. App. 204, 46 N. E. 557; *Stevens* v. *Queen Ins. Co.,* 81 Wis. 335, 29 Am. St. Rep. 905, 51 N. W. 555; *Fiske* v. *Royal Exchange*

*Ins. Co.*, (Mo. App.), 75 S. W. 382; *St. Paul Fire & Marine Ins. Co.* v. *Parsons*, 47 Minn. 352, 50 N. W. 240.)

*Messrs. Maddox & Church,* for Respondent, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

It is conceded that the mortgagee never directly notified the insurance company of the information it received from Farmer, its agent.  As to this the respondent mortgagee pleads that the sale of the premises by Babcock to Kimpton was an act of the mortgagor which should not be permitted to invalidate the policy as to the mortgagee, and that the plaintiff as mortgagee was excused from giving direct notice to the defendant company, because the defendant insurance company already had such notice through its agent at Miles City.

The contention rests upon the well-established principle of law that a general local agent having power to solicit insurance, receive applications, to fix premiums and to issue and countersign policies in a particular locality, is such an agent that his knowledge will be imputed to the insurer.  (*Bonewell* v. *North American Acc. Ins. Co.,* 167 Mich. 274, Ann. Cas. 1913A, 849, 132 N. W. 1067; *Johnson* v. *Aetna Ins. Co.,* 123 Ga. 404, 107 Am. St. Rep. 92, 51 S. E. 339; *Kahn* v. *Traders' Ins. Co.,* 4 Wyo. 419, 62 Am. St. Rep. 47, 34 Pac. 1059; *Horton* v. *Home Ins. Co.,* 122 N. C. 498, 65 Am. St. Rep. 717, 29 S. E. 944.)

There is no claim made that the company was prejudiced in any manner by failure of the plaintiff to directly notify them of the transfer of title.  They stand upon the mere technicality that no notice was directly given by the plaintiff to the defendant and the fact that they were not notified of what they already knew or were chargeable with knowing is made the basis of a refusal to pay the policy loss.  We do not think that such a doctrine can be successfully maintained.  (*Phoenix Ins. Co.* v. *Omaha Loan & Trust Co.,* 41 Neb. 834, 25 L. R. A. 685, 60 N. W. 133; *Hastings* v. *Westchester F. Ins. Co.,* 73 N. Y. 141.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In May, 1918, Merrill J. Babcock borrowed from plaintiff the sum of $1,600. To secure payment of this sum Babcock executed to plaintiff a note and mortgage due December 1, 1923, the mortgage containing a clause whereby the mortgagor agreed to keep the building upon the land mortgaged insured against loss or damage by fire, the policy to be made payable to the plaintiff in case of loss. The plaintiff negotiated the loan to Babcock through A. C. Farmer at Miles City, and ever after Farmer acted as the correspondent of the plaintiff at Miles City for the purpose of collecting and remitting the interest on plaintiff's loans in that vicinity. In compliance with the requirements of the mortgage respecting the insurance, Babcock in June, 1918, obtained insurance upon the building to the amount of $500 from the defendant. The insurance was written by Farmer who, in the language of the agreed statement of facts, "during all the times mentioned in the pleadings was and now is the agent of the defendant company at Miles City, Montana." The insurance policy contained what is known as the "union mortgage clause." As a part of this clause it was provided: "That the mortgagee shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee and, unless permitted by this policy, it shall be noted thereon and the mortgagee shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

In August, 1919, Babcock sold the insured premises to Roy Kimpton. The plaintiff first had notice of the sale by Babcock to Kimpton "when it was so informed by letter from A. C. Farmer, the defendant's agent at Miles City, dated October 27, 1919, addressed to plaintiff at its Great Falls office. * * * " "Neither the plaintiff company nor the said A. C. Farmer ever directly notified the defendant company of the said change of ownership or occupancy of said

property.'' The quoted language is from the agreed state- ,
ment of facts. The house was destroyed by fire on March 18,
1921, but the plaintiff did not learn of the loss until June 13,
1921. The ''defendant first had notice of the said fire loss
when A. C. Farmer, its agent at Miles City, was informed
thereof by said Roy Kimpton about May 16, 1921.''

The principal indebtedness secured by the mortgage being
wholly unpaid plaintiff demanded of the defendant payment
of the $500 for which the building was insured, but the de-
fendant refused to pay the same. Plaintiff then brought this
suit. Defendant answered and plaintiff replied. Upon the
admissions in the pleadings and an agreed statement of facts
the cause was submitted to the lower court which entered
judgment for the plaintiff and from which the defendant has
appealed.

Defendant insists that it should not be held liable for the
reason that, contrary to the requirements of the provisions of
the insurance policy above quoted, the plaintiff having obtained
knowledge of the sale by Babcock to Kimpton failed to notify
defendant of the fact. It is not claimed that the sale of
the property by Babcock to Kimpton increased defendant's
risk in any way, nor that defendant was prejudiced in any
manner by plaintiff's failure to give it notice of the sale.

It is admitted that plaintiff received its knowledge from
[1–3] defendant's agent, and to avoid this embarrassment
defendant's counsel say the rule that the knowledge of the
agent is the knowledge of the principal is subject to the condi-
tion that the knowledge must be gained by the agent while
acting for the principal, and not when he is acting for himself
or for someone else upon business having no relation to the
business of the principal, citing 3 Cooley's Briefs on Insurance,
1540.

The stipulation in the record that Farmer was the agent of
the defendant is not restricted by any statement showing lim-
itation of his authority. By section 7930, Revised Codes of
1921, it is provided: ''An agent for a particular act or trans-

action is called a special agent. All others are general agents." Therefore, in the absence of a showing to the contrary, and there is none, it must be held that Farmer was the general agent of the company, which implies that he was an agent having exclusive charge and control of his principal's interests at Miles City and in the region tributary thereto; thus he stood in the position of a vice principal. (*Careve* v. *Phoenix Ins. Co.*, 67 Mont. 236, 215 Pac. 235.)

The rule that knowledge gained by an agent of an insurance company as to matters within the general scope of his authority is imputable to the company does not require the citation of authority. But see 3 Cooley's Briefs on Insurance, 2520 (c), and 2520–21 Supplement, vol. 7, and cases cited. Examining the policy we see that it does not specify how or to whom notice of a change of ownership shall be given. The provision is "the mortgagee shall notify this company," *etc.* If plaintiff, having obtained information of the sale from any source, had then given notice of the fact to Farmer, the defendant's general agent, the defendant unquestionably would have been bound. (Joyce on Insurance, sec. 515a; *Powell* v. *Continental Ins. Co.*, 97 S. C. 375, 81 S. E. 654; Cooley's Briefs on Insurance, 2520(b).)

Upon the record it makes no difference as to how the defendant's general agent came into possession of knowledge respecting the sale. For aught that appears he may have learned of it while in the actual pursuit of the defendant's business. But, however that may be, this agent had written the policy and knew its contents. He was familiar with the provision respecting a change of ownership of the property insured. He came into possession of information showing that Babcock had sold the property. This fact had relation to the subject matter of his agency. Based upon the foregoing postulate it must be held that the knowledge of a general agent, concerning whose authority no limitation is shown, is the knowledge of his principal. Under the conditions foregoing, when defendant's agent informed plaintiff of the sale

it would have been a useless act for plaintiff then to have given defendant notice of that fact which plaintiff had just received from the defendant. The law neither does nor requires idle acts. (Sec. 8761, Rev. Codes 1921.)

Upon the record the district court could not have decided the cause correctly otherwise than it did. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.