MIDLAND MOTOR CO., RESPONDENT, *v.* NORWICH UNION FIRE INSURANCE SOCIETY, LTD., ET AL., APPEL-LANTS.

(No. 5,561.)

(Resubmitted February 21, 1925.  Decided March 23, 1925.)

[234 Pac. 482.]

*Insurance—Automobiles—Confiscation—Transportation of In-toxicating Liquors—Validity of Policy—Notice and Proof of Loss—Waiver—Directed Verdict—Motion by Both Parties— Effect.*

Intoxicating Liquors—Illegal Transportation—Insurance of Automobiles Against Confiscation—Validity of Policy—Public Policy.
1.  Since the provisions of section 3450, United States Revised Statutes, in so far as that section provided for the confiscation and forfeiture of automobiles used in the illegal transportation of intoxicating liquors, were repealed by the National Prohibition Act in 1919, and were not re-enacted until November 23, 1921, by the supplementary Prohibition Act, a car confiscated in January, 1921, must have been confiscated under section 26, Title 2, of the Prohibition Act, and therefore, it being competent to insure the vendor of an automobile against the confiscation thereof for a violation of the latter Act by a person other than the vendor, a policy of insurance against confiscation, issued in 1920 prior to the re-enactment of section 3450 above was not void as against public policy.

Automobiles—Insurance Against Confiscation—Notice and Proof of Loss—Waiver.
2.  Where defendant insurance company two days after the seizure of an automobile which it had insured against confiscation had been notified thereof, for eighteen months thereafter investigated

the circumstances attending the seizure, and in the meantime admitted liability, it waived the right to question the sufficiency of the insured's notice of confiscation and proof of loss.

Insurance—Policy Conditions—Waiver—Estoppel.

3. If at the time of the issuance of a policy the insurer had knowledge of existing facts which, if insisted on, would invalidate the contract from its inception, such knowledge constitutes a waiver of the conditions in the policy inconsistent with the known facts, and the insurer is estopped from asserting the breach of such conditions in an action on the policy.

Same—Confiscation of Automobile—False Representation as to Car Being New—Estoppel.

4. Under the above rule (par. 3), *held* that where the agent of defendant insurance company knew that an automobile about to be insured against confiscation was second-hand but chose to insure it as a new car, the company, to which the knowledge acquired by the agent was imputable, was estopped to urge the alleged false representation by the insured in that respect as a defense to its liability on the policy.

Trial—Motion for Directed Verdict by Both Parties—Effect.

5. A request by both parties for a directed verdict amounts to a submission of the whole case to the court, and its decision upon the facts has the same effect as the verdict of a jury and will not be disturbed if supported by any substantial evidence.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

Action by the Midland Motor Company against the Norwich Union Fire Insurance Society, Limited, and another. Judgment for plaintiff and defendants appeal. Affirmed.

*Messrs. Toole & Toole* and *Mr. T. J. Davis,* for Appellants, submitted an original and a supplemental brief; *Mr. Brice Toole* argued the case orally.

*Messrs. Grimstad & Brown,* for Respondent, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

Cause originally decided January 5, 1925, the judgment in favor of plaintiff being reversed on the ground that the contract insuring the automobile in question against confiscation

3. Knowledge by insurer of existing facts as waiver of condition in policy, see notes in 2 Ann. Cas. 280; 18 Ann. Cas. 686.

Failure of insurer to inquire into existing facts as waiver of conditions of policy, see notes in 2 Ann. Cas. 285; 9 Ann. Cas. 994; Ann. Cas. 1917B, 500.

for a violation of the National Prohibition Act was void as against public policy. Respondent's motion for rehearing was granted and rehearing had February 21. Judgment affirmed on rehearing.

*Messrs. Gunn, Rash & Hall,* for Respondent, submitted a brief on rehearing; *Mr. M. S. Gunn* argued the case orally.

*Messrs. Griffith, Peck & Coke,* of the Bar of Portland, Oregon, and *Mr. Thomas A. Mapes, Amici Curiae,* submitted briefs in aid of the position of Respondent on rehearing; *Mr. John S. Coke* and *Mr. Mapes* argued orally.

*Messrs. Toole & Toole,* for Appellants, submitted a brief; *Mr. Brice Toole* making oral argument.

MR. JUSTICE STARK delivered the opinion of the court.

On November 25, 1920, Charles R. Ross purchased from the plaintiff one Cole Aero Eight seven-passenger touring car for the sum of $3,650, under a conditional sale contract by which the title to the automobile remained in the vendor as security for an unpaid balance of the purchase price, amounting to $2,433.30. On the same day the defendants, in consideration of a premium of $36.30, issued to the purchaser, Ross, their policy No. 25044 for $3,300, insuring said automobile against loss from fire, theft or robbery, or damages sustained in transportation. In this policy the automobile is described as a new 1920 model, seven-passenger touring car. For an additional premium of $5, by an indorsement on the policy, defendants insured the plaintiff against all direct loss or damage which it might sustain by reason of the fraudulent concealment or disposal of the automobile by the vendee, Ross, and in consideration of a further premium of $2 attached to said policy a confiscation clause, by which it further insured the plaintiff against all direct loss or damage which it might sustain "caused by the confiscation of said automobile by reason of the violation (other-

wise than by the said vendor) of the provisions of the 'National Prohibition Act,' or other laws of the United States relating to the transportation of intoxicating liquors or other articles subject to restricted sale, not exceeding the amount named in the said policy, nor the actual cash value of the said automobile at the time of the said confiscation, nor exceeding two-thirds (⅔) of the contract purchase price thereof, and in no event to exceed the amount of the unpaid installments of the purchase price of said automobile, exclusive of any interest thereon."

Claiming that after the issuance of this policy, and while it was in full force, the automobile described therein was taken from the possession of the vendee, Ross, confiscated and ordered sold for a violation of the laws of the United States of America relating to transportation of liquors, and that thereby the defendants had become liable to it for the sum of $2,433.30, which they had refused to pay, the plaintiff brought this action to recover judgment against them for that amount. A copy of the insurance policy with the indorsements is attached to and made a part of the complaint.

After a general demurrer to the complaint had been overruled, the defendants filed their answer, in which they admitted the purchase of the automobile by Ross in the manner and under the conditions above recited, and also the issuance of the policy of insurance together with the above-mentioned indorsements. They also admitted that after the issuance of the policy the automobile was taken from the possession of Ross, and in due time, in the manner provided by law, by order of the district court of the United States for the district of Montana, confiscated and ordered sold.

In addition to the general admissions and denials contained in their answer, the defendants set up several separate and affirmative defenses. In the second affirmative defense the following clause of the policy is set out: "*Misrepresentation and Fraud.*—This entire policy shall be void if the assured or his agent has concealed or misrepresented in writing or otherwise

any material fact or circumstance concerning this insurance or the subject thereof, or if the assured or his agent shall make any attempt to defraud this company whether before or after loss.'' It is then alleged that plaintiff's rights as vendor under the conditional sale contract arises under the conditional sale contract indorsement upon the policy of insurance, and subject thereto; that when the policy was issued Ross informed the agent of the defendants that the automobile described in the policy was a 1920 model, when as a matter of fact it was a 1919 model; that defendants relied upon this statement and were deceived thereby; that such misrepresentation was of a material character, and by reason thereof the claim of plaintiff is null and void.

The third affirmative defense is similar to the second, except that it is therein alleged that the insured, Ross, represented to the defendants that said automobile was new at the time of the issuance of the policy, while as a matter of fact it was second-hand, and that by reason of that fact the policy is null and void.

The fourth, sixth and seventh affirmative defenses are based upon the alleged failure of the plaintiff to give notice of the confiscation of the automobile and to furnish proof of loss as required by the policy. In the fifth and eighth affirmative defenses it is alleged that the automobile was not confiscated under the laws of the United States relative to the illegal transportation of intoxicating liquors, but was in fact confiscated under the laws relative to internal revenue, being, specifically section 3450, United States Revised Statutes (U. S. Comp. Stats. sec. 6352); that the plaintiff having voluntarily placed Ross in charge of said automobile, under that section the automobile itself became an actor in the violation of the law; and ''that if said policy is construed to extend protection to the plaintiff for a confiscation of the automobile after violation of the provisions of section 3450 of the Revised Statutes of the United States,'' said policy and confiscation clause are void and unenforceable as being against public policy.

Issue was joined upon the affirmative defenses by plaintiff's reply. The cause was tried to a jury. At the close of all of the evidence, plaintiff and defendants each made a motion for a directed verdict. The ruling of the court upon these motions was as follows: "By the Court: Let the record show in this case that the motion of the defendants is denied, and the motion of the plaintiff is granted except as to the value of the car. Upon the return of the verdict by the jury, the court will grant plaintiff's motion in its entirety, except that it will insert in lieu of the value of the car at $2,433.30, the amount so found by the jury, and will render judgment accordingly." Thereupon the court instructed the jury as follows: "Gentlemen of the jury, the court instructs you that the only issue for you to determine in this case is the value of the automobile in question," which was followed by other instructions for the guidance of the jury in determining the value.

The jury returned a verdict in effect finding that the value of the automobile was $2,433.30, and on January 16, 1924, the court entered judgment in favor of the plaintiff and against the defendants for the value of the car as found by the jury, together with interest thereon from August 7, 1922, amounting in all to $2,715. Defendants made a motion for a new trial, which was denied, and they have appealed from the judgment.

Attention will first be directed to the contention of counsel [1] that the plaintiff is not entitled to recover for the reason that the policy of insurance and the confiscation clause attached thereto are void and unenforceable for the reason that they are against public policy.

Basing their argument upon the statement that section 3450, United States Revised Statutes (Comp. Stats., sec. 6352), which had been on the statute books since the year 1866, and which provides: "Whenever any * * * commodities for or in respect whereof any tax is or shall be imposed, * * * are removed * * * with intent to defraud the United States of such tax, * * * all such goods and commodities, * * * carriage, or * * * conveyance * * * shall be for-

feited," was in force and applicable to the facts in this case, and
the decision of the supreme court in *Goldsmith* v. *United States,*
254 U. S. 505, 65 L. Ed. 376, 41 Sup. Ct. Rep. 189 [see, also,
Rose's U. S. Notes Supp.], in which it was held that an auto-
mobile used in aid of the violation of the provisions of section
3450 itself becomes the offender without regard to the criminal
connection of the individual owning it, counsel contend that the
effect of the confiscation clause is to insure against the effect of
a criminal offense by the offender itself, and so militates against
the public welfare, contravenes the established interests of
society, and is void. A primary obstacle in the way of accept-
ing counsel's conclusion it that the major premise upon which it
is based is erroneous.

It was shown in the evidence that the automobile in question
was seized by the sheriff of Liberty county on January 4, 1921,
while being used in transporting a load of whisky, and on Jan-
uary 8, 1921, was turned over to the federal authorities and
thereafter confiscated and sold under an order of the United
States district court for the district of Montana. The judgment
of the federal court confiscating the car was not produced in
evidence, probably for the reason that the defendants, in para-
graph VI of their answer, admitted the confiscation and order
of sale.

The National Prohibition Act (41 Stat. 305 [U. S. Comp.
Stats. Ann. Supp. 1923, sec. 10138¼ *et seq.*]) became effective
on October 28, 1919, and title 2, section 35 (sec. 10138½v)
thereof provides: "All provisions of law that are inconsistent
with this Act are repealed only to the extent of such inconsis-
tency." In the cases of *United States* v. *One Haynes Automo-
bile* (C. C. A.), 274 Fed. 926, *Lewis* v. *United States* (C. C. A.),
280 Fed. 5, *United States* v. *One Packard Truck* (D. C.),
284 Fed. 394, and *McDowell* v. *United States* (C. C. A.), 286
Fed. 521, it was expressly declared that in so far as it pro-
vided for the confiscation and forfeiture of automobiles used in
the illegal transportation of intoxicating liquors, the pro-
visions of section 3450 were repealed by the National Prohibition

Act.    To the same effect is the case of *United States* v. *Yugino-
vich,* 256 U. S. 450, 65 L. Ed. 1043, 41 Sup. Ct. Rep. 551 [see
also, Rose's U. S. Notes Supp.].

By the supplementary Prohibition Act of November 23, 1921,
Chapter 134, section 5, 42 Stat. 223 (Comp. Stats. Ann. Supp.
1923, sec. 10138⅘c), the Congress re-enacted "all laws in regard
to the manufacture and taxation of and traffic in intoxicating
liquor, and all penalties for violations of such laws that were in
force when the National Prohibition Act was enacted."    (See
*United States* v. *Stafoff,*  260 U. S. 477, 67 L. Ed. 358, 43 Sup.
Ct. Rep. 197.

From this it follows that the automobile in question could not
have been confiscated in January, 1921, under section 3450,
since no authority for such a confiscation then existed under
that section, and therefore, upon the record before us, we must
hold that the confiscation was under title 2, section 26, of the
National Prohibition Act (Comp. Stats. Ann. Supp. 1923, sec.
10138½mm).

It is not questioned in this case but that it is competent
and legal to insure the vendor of an automobile against the
confiscation thereof for a violation of the National Prohibition
Act by a person other than the vendor.    Since this in effect
is all that the policy and confiscation clause in question did, we
must hold that the same are not void and unenforceable as
against public policy.

The question whether a policy of insurance against confisca-
cation under the provisions of section 3450 as re-enacted, would
be void as against public policy, is not presented in this case
and no opinion is expressed thereon.

Numerous assignments of error are predicated upon the rul-
[2]  ing of the court in allowing testimony to be admitted
tending to show a waiver of notice of the confiscation of the
automobile in the absence of any pleading of such waiver.
These contentions are without merit.

The testimony disclosed, without contradiction, that on Janu-
ary 6, 1921, two days after the automobile was seized by the

sheriff of Liberty county, the defendant's agent at Billings, on behalf of the plaintiff, notified the defendants of the seizure by telegram addressed to their manager at San Francisco; that from then on for about eighteen months, the defendants were from time to time investigating the circumstances surrounding the seizure and subsequent confiscation. In paragraph XIII of the complaint it is alleged "that the said defendants up and to August 7, 1922, admitted liability on said policy." This allegation is expressly admitted by paragraph XI of the answer.

The rule sustained by an almost unbroken line of authorities which will be found collected in 14 R. C. L. 1349, and in 4 Cooley's Briefs on the Law of Insurance section 3522F, is that a distinct recognition of liability by a company, made under such circumstances as reasonably to show that it is satisfied as to the loss, will amount to a waiver of formal notice and proofs, or of defects therein. It would be difficult to imagine a case to which that rule is more readily applicable than to this. Having been engaged in investigating the facts surrounding the seizure and confiscation of the automobile for a year and a half, during all of which time, by their own admission, the defendants had admitted their liability on the policy, it must be held that they waived the right to raise any question as to the sufficiency of the plaintiff's notice of confiscation or proofs of loss.

In reference to the second and third separate defenses, [3, 4] wherein it is claimed that the insured, Ross, at the time the policy was issued, represented that the automobile was a 1920 model and that it was a new car, which representations were alleged to be false in that it was a 1919 model and was second-hand: The testimony disclosed that no inquiries whatever were made of Ross concerning these matters. Wilds, manager of the plaintiff company, acting for the insured, Ross, furnished the agent of the defendants all the information which they required before issuing the policy. No written application was made for it. The evidence also disclosed that the automobile

was manufactured and delivered to the plaintiff in the late fall of 1919, and defendants' agent testified in effect that an automobile built after about August of 1919 would be designated as a 1920 model. It was likewise shown that this particular automobile had been sold in the spring of 1920 to a man named Mowre, who used it for a few months and drove it 450 miles, when it was turned back to the plaintiff and the purchase price applied toward payment of a different model car, which Mowre bought from the plaintiff.

When Ross bought the automobile both he and the plaintiff considered it new, and in fact Ross paid the full list price of a new car for it, which was $50 more than Mowre had paid, because the price of new automobiles of that class had advanced.

The witness Wilds testified that when defendants' agent was obtaining the information on which to write the policy, he told the agent that it was the Mowre car and advised him of all the facts concerning it. The agent denied such information was imparted to him by Wilds.

If, as contended by defendants, these representations were made, were in fact false and material, and known to be such by the insured, it cannot be doubted that they rendered the policy void *ab initio*, unless there was a waiver of these conditions by the defendants.

There is no question but that, in writing the policy of insurance and indorsing thereon the confiscation clause, the defendant's agent was acting within the scope of his authority. The information concerning the subject of the insurance which he acquired in connection therewith was imputable to his principals. (*Wells-Dickey Co.* v. *American Alliance Ins. Co.*, 69 Mont. 586, 223 Pac. 489; 14 R. C. L. 1159, sec. 340.)

The general rule is that when the insurer at the time of the issuance of the policy had knowledge of existing facts which, if insisted on, would invalidate the contract from its very inception, such knowledge constitutes a waiver of the conditions in the policy inconsistent with the known facts, and the insurer is estopped from asserting the breach of such conditions. (14

[72 Mont. 583.]

R. C. L. 1166, sec. 345.)   This rule was recognized and applied by this court in *Johnston* v. *Rocky Mountain Fire Ins. Co.,* 70 Mont. 411, 226 Pac. 516, and *Wright* v. *Fire Ins. Co.,* 12 Mont. 474, 19 L. R. A. 211, 31 Pac. 87.   Whether this information was imparted to the agent of the defendants on the issuance of the policy was a disputed question of fact.

The following excerpts from 38 Cyc. 1582, is quoted with ap-
[5]   proval by this court in *Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 353, 185 Pac. 155, 156: ''The general rule is that a request by both parties for a directed verdict amounts to a submission of the whole case to the court, and its decision upon the facts has the same effect as the verdict of a jury, and will not be disturbed when supported by any substantial evidence.''

In sustaining the plaintiff's motion for a directed verdict, the court necessarily must have held that the information relative to the year model of the automobile and the fact that it had previously been sold to Mowre were communicated to the defendants' agent when the policy was issued, and that despite this knowledge the defendants elected to consider it as a new automobile of the 1920 model and to insure it as such. It cannot be said that the evidence preponderates against the finding, and under the circumstances we hold that the defendants are estopped from urging these alleged false representations as a defense to their liability on the policy.

All of the other specifications of error have been considered and found to be without merit.

The opinion filed in this case on January 5, 1925, is withdrawn and this one substituted in its place.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway, Associate Justices Holloway and Matthews and Honorable C. W. Pomeroy, District Judge, sitting in place of Mr. Justice Galen, absent on account of illness, concur.