HENRY COOK, APPELLEE, v. NATIONAL FIDELITY & CAS-
UALTY COMPANY, APPELLANT.

FILED DECEMBER 19, 1916.   No. 18875.

1. **Insurance: POLICY: CONSTRUCTION.** In an action brought upon an insurance policy, where there was a condition to the effect that the defendant insured Henry Cook against loss of life, limb, sight and time in the minimum principal sum of $5,000, and for a minimum weekly indemnity of $25 for 12 months on account of accident, and 12 months, excluding disability due to any disease or illness contracted or suffered within 15 days of the date of the policy, on account of sickness, and the policy also contained a clause touching beneficiary insurance to apply to one person only over 18 and under 60 years of age other than the assured, it will be held that the clause may cover the person named in the policy as such beneficiary, even after the expiration of the age limitation of 60 years.

2. ———: ———: ———. In such case, where an accident occurs to the person named in the policy as the beneficiary, and it occurs after such person is beyond the age of 60 years, and after a renewal of the policy without mention of the beneficiary, the defendant insurance company will be held liable upon the beneficiary clause on the ground that there is a waiver by the defendant of the protection which it might claim.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Nye F. Morehouse* and *L. H. Blackledge,* for appellant.

*Bernard McNeny* and *J. S. Gilham, contra.*

HAMER, J.

Appeal from Webster county. This is an action on an insurance policy. Arabella Cook, the wife of plaintiff, was fatally burned in a fire which occurred in her home at Red Cloud, Nebraska, on May 22, 1913. Suit was brought on the policy issued by the defendant and appellant, and a verdict and judgment were rendered against it, from which it has appealed.

The questions raised involve a construction of the contract contained in the policy. We deem the following

provisions of the policy essential to an understanding of the questions presented: "National Fidelity & Casualty Company, Omaha, Nebraska, Home Office Merchants National Bank Building, hereby insures Henry Cook, M. D. (the person herein named and described in the schedule of warranties for the insurance) against loss of life, limb, sight and time in the minimum principal sum of five thousand dollars and for a minimum weekly indemnity of twenty-five dollars, under the terms and agreements hereinafter set forth, for twelve months on account of accident, and twelve months, excluding disability due to any disease or illness contracted or suf- fered within fifteen days after date of this policy, on account of sickness, as hereinafter described, from the 27th day of June, 1910, at twelve o'clock noon, standard time, at the place where this policy is countersigned. This policy is issued in consideration of the premium of forty dollars, and of the statements contained in the schedule of warranties hereinafter given, which state- ments the assured makes by accepting this policy and warrants to be true."

Then follow stipulations of the policy as to the kind and amount of insurance, and also paragraph L, which is the foundation of plaintiff's case: "L. Beneficiary Insurance. If one person only, over eighteen and under sixty years of age, other than the assured, is specifically named as beneficiary in the schedule of warranties here- inafter given, then and not otherwise, this policy shall also, in consideration of the premium, insure the person so named as beneficiary, subject to the general agree- ments hereinafter given, against disability or death caused directly in the manner set forth in clause B, as follows:" Here follow stipulations of the policy touching the amount and kind of insurance.

Clause B, referred to, is as follows: "B. Double In- demnity. If said bodily injuries are sustained by the assured while riding as a passenger in or on a public conveyance, provided by a common carrier for passenger

service; or while riding as a passenger in a passenger elevator (excluding elevators in mines); or while in a burning building, the amounts otherwise payable in clause A shall be doubled."

The "schedule of warranties" shows that Mrs. Cook, named as beneficiary, was 59 years of age at the time the policy was issued, while her husband was 61 years of age. She was 61 years and 10 months old at the time of the accident which resulted in her death. The policy having been renewed each year, the question is whether she was to be considered as included in the policy at the time of her death. By the specific terms of the contract it appears that insurance on the beneficiary is limited. The beneficiary is not to be under 18 years of age nor over 60.

(a) If the defendant. meant that the policy should terminate on the arrival of the sixtieth birthday of the beneficiary, it should have said so plainly. It did not say so; therefore it is fair to assume that it did not claim when the policy was issued what it now contends for. If it did so claim, then its purpose would have been to deceive, and this we cannot presume.

(b) If it was intended that the terms of the policy should not include the beneficiary in case of renewal, then that statement should have been made. It was not made, and the general terms of the language used are suggestive of the fact that the beneficiary is to be included. There should be no deception of the public by the use of a printed form which is disregarded by the parties in their interpretation of the contract. When the renewal was made and nothing was said about its effect so far as the beneficiary was concerned, then there was a waiver of anything upon the part of the defendant that might be claimed in the policy and which was inconsistent with the fact of renewal.

(c) Every policy written should continue for the full term of its face, except there is some condition by which the company is to be released from the obligation which

it has assumed. If there is a renewal, and it is not intended that the renewal shall apply to the beneficiary, then the fact should be noted, so that the assured may be apprised of the purpose of the insurance company.

(d) That interpretation of the contract should be adopted which upholds the obligation which the parties apparently contracted for. 9 Cyc. 586.

(e) That construction should be put upon the contract which the defendant had a right to expect the plaintiff would reasonably adopt under the circumstances. 1 Chitty, Contracts (11th Am. ed.) 104; *Hoffman & Place v. Ætna Fire Ins. Co.,* 32 N. Y. 405; *Beber v. Brotherhood of Railroad Trainmen,* 75 Neb. 183.

In 1 Chitty, Contracts, *supra,* it is said the contract "must, therefore, be the sense (for there is no other remaining) in which the promisor believed that the promisee accepted the promise."

In *Hoffman & Place v. Ætna Fire Ins. Co., supra,* it is said in the syllabus: "Where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee."

"Conditions and provisos in policies of insurance are to be construed strictly against the underwriters, as they tend to narrow the range and limit the force of the principal obligation."

In *Beber v. Brotherhood of Railroad Trainmen, supra,* it was said: "If the officers of the society, who prepared the by-law in which the contract is set forth, have used ambiguous terms, the ambiguities must be interpreted in the manner most favorable to the insured. If instead of stating in plain and simple language the exact loss they intend to protect against, they propound riddles in a jargon of equivocal phrases, these riddles should be solved most favorably to him who has been the victim of such artifice."

The assured had a right to rely upon the validity of the renewals. *Owens v. Travelers Ins. Co.,* 99 Neb. 560.

Where there are conflicting provisions in the policy, the courts will adopt that which is most favorable to the assured, and which offers a fair interpretation. *Funke Estate v. Law Union & Crown Ins. Co.*, 97 Neb. 412.

It would seem that the defendant resists payment on grounds that are rather technical. The beneficiary, Mrs. Cook, was burned to death on the 22d of May, 1913. The policy was then in force. She and her daughter were laboring to extinguish the flames in the kitchen of their frame dwelling-house. These flames were occasioned by the spilling of alcohol from a kettle on the stove. From the fire thus created, flames were communicated to the woodwork, and her clothing caught fire. She was most severely burned. On the day after she suffered the injury she died. The policy issued showed that the age of Dr. Cook at the time the contract was made was 61, and Mrs. Cook, the beneficiary, was 59 years of age. The contract was renewed for three successive years by payments of the annual premiums, which were paid in advance.

The interpretation which the parties to a contract put upon it should determine their rights under it. *Sibert v. Hostick*, 91 Neb. 255.

The renewals of the policy clearly recognize the fact that Mrs. Cook was over 60 years of age.

The following phrases are to be interpreted: "Under the terms and agreements hereinafter set forth." Third line of policy. "If one person only, over eighteen and under sixty years of age, * * * is specifically named as beneficiary, * * * this policy shall * * * insure the person so named * * * subject to the general agreements hereinafter given." Paragraph L. "Nor does this policy cover or apply to any person (either as assured or beneficiary) under eighteen or over sixty years of age." Agreement 4.

As we understand it, there is no distinction as to the age limit between the assured and the beneficiary. We

think the language used means that a policy may be written for any one over 18 and under 60 at the time of the issuance of the policy, but that no policy shall be written for any one outside of those ages at the date of the policy. 6 R. C. L. 847. In section 237, 6 R. C. L. 847, it is said: "It is a well-settled rule of law that where part of a contract is written and part is printed, and the written and printed parts are apparently inconsistent or there is reasonable doubt as to the sense and meaning of the whole, the words in writing will control the construction of the contract. The reason why greater effect is given to the written than to the printed part of a contract if they are inconsistent is that the written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims." Many authorities are cited in support of this proposition. Applying the principle, of course not the actual fact, to the instant case, the last thing done, that is, the renewal of the policy, shows what the parties meant. It never was meant there should be no power to renew.

We think it contrary to public policy to permit an insurance company to so conduct itself that the assured has good reason to believe that the policy is in force, both as to himself and the beneficiary, and then avoid the contract of insurance by a forced interpretation of the policy not in accord with the conduct of the parties. It is not right that the company should lead the assured and his beneficiary to believe that the policy is in force and then try to avoid the terms of the contract. The company should not collect premiums without a valid consideration. If there is no insurance, no premium should be paid. No technical construction of uncertain language should be allowed to defeat the assured and

prevent him from getting that to which he is justly entitled.

The judgment of the district court is

AFFIRMED.

ROSE, J., concurring in the conclusion.

MORRISSEY, C. J., and SEDGWICK, J., not sitting.