FIRE ASSOCIATION OF PHILADELPHIA *v.* ELDRIDGE.

4-4103

Opinion delivered January 20, 1936.

*Thompson, Knight, Baker & Harris, William A. Rembert, Jr.,* and *Frank S. Quinn,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered in the circuit court of Miller County in favor of appellee upon an insurance policy issued by appellant to the Citizens Building & Loan Association covering its equity in a frame residence against loss by fire, which was situated on lot 22 in the NW¼, SW¼, section 29, township 15 south, range 28 west, in said county, known as 216 Charles Ave., to whom appellee had mortgaged same to secure an indebtedness for borrowed money. The mortgage provided that appellee should maintain adequate insurance on the property, and that, in the event he did not do so, said building & loan association might take out insurance and charge the cost to him. The insurance policy was for $300, the amount of the loan, and covered a period of one year from its date on May 27, 1933. The annual premium thereon was $4.65. This premium was charged to appellee by the building & loan association and collected from him in the form of a check on November 20, 1933, which check was indorsed and delivered by the building & loan association to appellant, who received and cashed same after marking thereon "216 Charles Ave." At the time the check was delivered to and received by appellant, the building & loan association notified appellant that appellee had paid the indebtedness secured by the mortgage on November 14, 1933. The policy was not taken up or canceled by

appellant, but was left with the building & loan association. The residence was totally destroyed by fire on November 29, 1933, after which appellee went to the office of the building & loan association and got the policy and discovered that appellant had not inserted or substituted his name in the policy after receiving and collecting his check covering the entire period for the full year. After denial of liability on the part of appellant, this suit followed with the result stated above.

Based upon the undisputed facts detailed above, the trial court instructed a verdict and rendered a judgment thereon against appellant.

Appellant contends the judgment is erroneous because it made no contract with appellee to insure his interest in the residence against loss by fire, but, on the contrary, made a contract with the building & loan association to insure its equity only in the residence. It is true the written policy so provides, but this contention leaves out of the equation that, after being informed that the building & loan association had no further equity in the residence, it accepted appellee's check and cashed it in payment of the premium for a full year ending May 24, 1934, after writing on the check the description of the property. This act on the part of appellant amounted to a continuance of the insurance in favor of appellee for the remainder of the time the policy was to run. The acceptance of the premium from appellee for the full time after notice that the building & loan association had no further interest in the residence or property led appellee to assume that appellant had done all things necessary to render the insurance effective. The rule of law applicable to the undisputed facts stated above is correctly announced in § 367 of 14 R. C. L., page 1181, to the effect that an insurance company "cannot treat the policy void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums."

No error appearing, the judgment is affirmed.