Hart, J.
 

 The question presented by the record may be stated as follows: Is the insurer estopped to deny liability under its insurance policy, because it issued the same with full and actual knowledge that the insured was, at the time the renewal premium on such policy was received and receipt issued, then beyond the age of 65 years; and because with such knowledge it retained such premium until after the insured, within the period covered by the premium, sustained personal injuries which were within the coverage and indemnity terms of the policy?
 

 There is no question of concealment, misrepresentation or fraud on the part of either the insurer or the insured involved in this case. Both were fully conversant with all the facts as set up in the application and policy when the latter was first issued.
 

 No waiver of condition as to age of the insured was necessary when the policy originally went into operation, because the insured did not arrive at the age limit until March 4, 1938. But since the insured had already reached the age limit on March 4,1938, before the beginning of the renewal year of the policy on April 27, 1938, it required a waiver of the condition as to the age of the insured before the policy could
 
 *169
 
 go into effect for the second year. On no theory could the insurer accept the payment of premium and issue a renewal receipt for the year commencing after the insured had reached the age of 65 years, except by waiving the condition with reference to age. By this course of conduct, the insurer, having full knowledge of the facts, in effect said to the insured that the policy should go into effect notwithstanding the insured was then over 65 years of age.
 

 The fundamental principles of the law of contracts solve this problem. There was no mistake or dispute as to the facts, and the parties were under the mutual duty to deal honestly with them. The insurance company which received the premium affirmed equally with the insured, the existence of a contract of insurance in return for the premium paid. The insured, by paying the premium in reliance on the mutually-assumed fact that a contract of insurance thereby came into existence, did an act detrimental to himself, but for such assumed fact. Hence, as between the parties, the fact — the existence of the insurance contract — must thereafter be conclusively held to be as thus mutually affirmed.
 

 A party to a contract who, after discovery or knowledge of facts which would entitle him to rescind, treats the contract as a subsisting obligation and leads the other party to believe the contract is still in effect, waives his right to rescind.
 
 Nelson
 
 v.
 
 Chicago Mill & Lumber Corp.,
 
 76 F. (2d), 17, 100 A. L. R., 87;
 
 Dobie
 
 v.
 
 Sears, Roebuck & Co.,
 
 164 Va., 464, 180 S. E., 289, 107 A. L. R., 1026. Therefore, the receipt and retention of consideration after knowledge that conditions precedent have been broken, constitutes a waiver of such conditions so as to withdraw them from the terms of the contract.
 
 Crawford
 
 v.
 
 National Insurance Corp.,
 
 231 Ala., 636, 166 So., 721.
 

 Bestrictions by an insurance company on its own powers are ineffectual as against acts of estoppel. It
 
 *170
 
 is not in the power of the company to abolish the law of estoppel or waiver by such means.
 
 Dick
 
 v.
 
 Equitable Fire & Marine Ins. Co.,
 
 92 Wis., 46, 65 N. W., 742;
 
 Firemen
 
 v.
 
 Norwood,
 
 69 F., 71;
 
 Northern Assurance Co. of London
 
 v.
 
 Grand View Bldg. Assn.,
 
 101 F., 77, 80;
 
 Gandy
 
 v.
 
 Orient Ins. Co.,
 
 52 S. C., 224, 29 S. E., 655;
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Cochran,
 
 104 Ohio St., 427, 135 N. E., 537. The tender of the premium by the insured constituted an offer on his part to renew the policy for another year and this offer -was subject to acceptance or rejection by the insurer. By the acceptance and retention of the premium, the insurer exercised that option. It would be inequitable and unjust to' allow it to retain the premium and to delay exercising this option until injury occurred to the insured and then elect to escape liability under the policy. If no injury had resulted to the insured until the expiration of the year covered by the premium paid, clearly the insured could not recover the premium on the theory that the policy was ineffective and void. For the same reason the insurer could not retain the premium on a gamble that no liability would occur, and then escape liability after an injury occurs by claiming that a condition precedent had been broken.
 

 These principles are amply supported by the authorities. The general rule applicable here is stated in 29 American Jurisprudence, 611, Section 807, as follows:
 

 “It is usually held that where the insurer, at the time of the issuance of a policy of insurance, has knowledge of existing facts which, if insisted on, would invalidate the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions. The law is charitable enough to assume, in the absence of any showing to the contrary, that an insurance company intends to execute a valid contract in return for the premium
 
 *171
 
 received; and when the policy contains a condition which renders it voidable at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition and to execute a binding contract, rather than to have deceived the insured into thinking he is insured when in fact he is not, and to have taken his money without consideration. ’ ’ See, also,
 
 Ins. Co.
 
 v.
 
 Brodie,
 
 52 Ark., 11, 11 S. W., 1016, 4 L. R. A., 458;
 
 Hartford Fire Ins. Co.
 
 v.
 
 Redding,
 
 47 Fla., 228, 37 So., 62, 67 L. R. A., 518, 110 Am. St. Rep., 118;
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Vogel,
 
 166 Ind., 239, 76 N. E., 977, 3 L. R. A. (N. S.), 966, 117 Am. St. Rep., 382, 9 Ann. Cas., 91;
 
 Commonwealth Casualty Co.
 
 v.
 
 Arrigo,
 
 160 Md., 595, 154 A. 136, 77 A. L. R., 1250;
 
 Midland Motor Co.
 
 v.
 
 Norwich Union Fire Ins. Soc.,
 
 72 Mont., 583, 234 P., 482;
 
 Forward
 
 v.
 
 Continental Ins. Co.,
 
 142 N. Y., 382, 37 N. E., 615, 25 L. R. A., 637;
 
 Leisen
 
 v.
 
 St. Paul F. & M. Ins. Co.,
 
 20 N. D., 316, 127 N. W., 837, 30 L. R. A. (N. S.), 539.
 

 It is also a well settled rule of law that an insurer, which, with knowledge of the facts which would entitle it to treat the policy as no longer in force, receives and accepts a premium on a policy, is estopped to take advantage of the forfeiture. The insurer cannot treat the policy as void for the purpose of defense to an action to recover for a loss thereafter accruing, and at the same time treat it as valid for the purpose of earning and collecting further premiums. 29 American Jurisprudence, 653, Section 857;
 
 Southern States Life Ins. Co.
 
 v.
 
 Dunckley,
 
 226 Ala., 588, 148 So., 320;
 
 Fire Assn. of Philadelphia
 
 v.
 
 Eldridge,
 
 191 Ark., 1135, 89 S. W. (2d), 722;
 
 New England Mutual Life Ins. Co.
 
 v.
 
 LeVey,
 
 264 Mich., 282, 249 N. W., 854;
 
 Millis
 
 v.
 
 Continental Life Ins. Co.,
 
 162 Wash., 555, 298 P., 739.
 

 The case of
 
 Western Casualty Co.
 
 v.
 
 Aarons,
 
 85 Colo., 591, 277 P., 811, is in point, holding that an accident policy issued to a person over 60 years of age in violation of a provision of the policy was not void
 
 *172
 

 ab initio,
 
 since the age-limit provision was a restriction for the insurer’s benefit and could be waived or ignored by it; and that the insurer having accepted premiums on the policy after it was aware that the insured had arrived at the age of 60 years, thereby waived its right to avoid the policy on that ground. To the same effect are the cases of
 
 Smith
 
 v.
 
 Liberty Life Ins. Co.,
 
 118 Neb., 557, 225 N. W., 688;
 
 Cook
 
 v.
 
 National Fidelity & Casualty Co.,
 
 100 Neb., 641, 160 N. W., 957.
 

 The exact question here presented has not previously been before this court, but principles applicable to this case have been announced in the following cases:
 
 Mutual Life Ins. Co.
 
 v.
 
 French,
 
 30 Ohio St., 240;
 
 Natl. Surety Co.
 
 v.
 
 Bohn,
 
 125 Ohio St., 537, 547, 182 N. E., 506;
 
 Shields
 
 v.
 
 Supreme Council of the Royal Arcanum,
 
 123 Ohio St., 31, 173 N. E., 731;
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Cochran, supra.
 

 Cases not resulting in an estoppel against an insurance company, where premiums have been paid and accepted after an age limit has been reached, may be found relating to group insurance contracts between an insurer and employer for the benefit of the latter’s employees, and relating to some mutual insurance company contracts where a member, because he is alike .insurer and insured, is bound by the written terms of the policy, but the holdings in these cases are inapplicable to the case at bar.
 

 The judgment of the Court of Appeals is reversed and final judgment is awarded to the insured against the insurer for the sum of $800 with interest from September 16, 1938.
 

 Judgment reversed and fined judgment for appellemt.
 

 Weygandt, C. J., Turner, Williams, Matthias, Zimmerman and Bettman, JJ., concur.