72 So.2d 389 (1954)
PENINSULAR LIFE INS. CO.
v.
HOWARD.
Supreme Court of Florida, Special Division B.
May 4, 1954.
Milam, McIlvaine & Milam and Ralph H. Martin, Jacksonville, for appellant.
John Mackesy & Frank C. Vernis, Jr., Coral Gables, for appellee.
THOMAS, Justice.
In a summary final decree, and an order supplementing it, the chancellor awarded the appellee a specified sum and her attorneys a fee for their services. We are asked to review the decree and the order.
The facts are simple. The appellee's husband entered into a contract for ordinary life insurance benefits of $1000. Attached to the policy was a "double indemnity supplement" providing for the payment to the beneficiary of an additional $1000 if the insured should meet his death "through * * * accidental means * * *." The benefit secured in the supplement was to expire "upon the anniversary of the policy nearest the sixtieth birthday of the Insured." He was killed in a fall from a stepladder when he was sixty-four years old. After the insured had reached the age when the benefit of the supplement was to cease the appellant, due to an error in its own bookkeeping department, continued to accept from the insured the premiums both on the main policy and on the supplement. The appellant paid the appellee-beneficiary the amount due on the original policy; it tendered the sum of the premiums paid on the double indemnity supplement from the time *390 it was to expire until the insured's death but this was refused by the appellee.
The question is as simple as the facts: In the circumstances just related, was the appellee entitled to the amount named in the double indemnity supplement? There can be no doubt that the obligation under the policy for double indemnity had ceased, but the appellee insists, in effect, that the expiration date was suspended because her husband continued to pay and the appellant to accept a premium that included the amount required under the supplement to the policy. To support her position the appellee contends that there was a waiver on the part of the appellant and that the doctrine of estoppel applies. We cannot be sure which, if either, of these theories the chancellor adopted because his only finding was: "Acceptance of the added premiums for the double indemnity, for the period and under the circumstances, after the assured was sixty entitle the beneficiary to payment."
As appellant contends, the conditions of the contract were quite clear and the appellee, who was herself not a party to the agreement, accepted it as she found it. But this does not mean that the appellant could not have got itself in the position of waiving the conditions relative to expiration by its dealing with the insured. It is apparent that someone in appellant's organization noted on the books that the double indemnity provision would expire in 1969 instead of 1949. This, of course, was not an error chargeable to the appellee's husband.
The significant fact is that for forty-two months the appellant accepted payment of the premiums covering the insurance in the original contract as well as the supplement, although appellant knew that the insured had reached the age when the double indemnity provision was to be terminated. Cf. Johnson v. Life Ins. Co. of Georgia, Fla., 52 So.2d 813. And during all this time the insured might have obtained similar protection from appellant or another company had the appellant refused the amounts covering the double indemnity provision. Appellant's statement that there had been "no showing * * * that the insured could have obtained double indemnity insurance from any other company at his age" does not negative this thought. After all this suit was instituted by appellant and in the bill was a prayer that the court declare "that plaintiff is not liable under the said double indemnity supplement to defendant." It appears that it was appellant's burden to show that a policy for double indemnity was not procurable by one appellee's husband's age.
The appellant argues that there could have been no waiver, or estoppel, in the absence of a detriment to the insured. We think the facts themselves establish a detriment. Nor are we impressed by the argument that the insured knew from the policy he held that the supplemental policy expired when he reached the age of sixty. The information was as much appellant's as the policyholder's.
We conclude that the acceptance of premiums for forty-two months after the expiration date named in the policy constituted a waiver, and that appellant, after the accidental death, could not escape liability by the simple process of tendering the premiums required under the supplement and claiming that there had been no protection for the period during which the company had accepted and retained them.
Nor do we discover any error in the allowance of a fee for the services of appellee's attorneys. In Section 625.08, Florida Statutes 1951, and F.S.A., it is provided that when a decree is rendered "against any insurer in favor of the beneficiary under any policy * * * there shall be * * * decreed against such insurer, and in favor of the beneficiary * * * a reasonable sum" for the services of his attorney. As we understand appellant's argument the allowance of a fee is not proper here because by a strict construction of the statute such a fee would be recoverable only as a penalty if the insurer refused to pay. It is attempted to make a distinction between a decree resulting from a refusal to pay and a decree entered *391 upon a counterclaim in a suit for declaratory decree, the procedure followed in the present controversy. We are unable to discover a logical basis for the distinction. Phoenix Indemnity Co. v. Anderson's Groves, Inc., Fla., 176 F.2d 246.
We have the view that the allowance of the fee was correct and that the amount fixed was supported by the evidence.
Affirmed.
ROBERTS, C.J., and DREW and BUFORD, JJ., concur.