**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Fitzhugh L. BAILEYS et al., Defendants. Civ. No. 34475.**

United States District Court
N. D. Ohio, E. D.
Feb. 2, 1960.

Michael R. Gallagher, Hauxhurst, Inglis, Sharp & Cull, Cleveland, Ohio, Wise, Roetzel, Maxon, Kelly & Andress, Akron, Ohio, for plaintiff.

Hargreaves & Fanelly, McGowan, Scanlon & Lombardi, Akron, Ohio, Kitchen & Messner, Cleveland, Ohio, for defendants.

JONES, District Judge.

This case was tried and submitted on briefs. It is an action brought by Allstate Insurance Company (hereinafter Allstate) for a declaratory judgment relieving it from any liability under its Policy Number 26,422,797 or any other policy issued to defendant Fitzhugh L. Baileys for an accident involving the said Baileys on July 28, 1957, and holding that the policy was void ab initio because of material misrepresentations in insurance application Number A377684 which was made a part of the contract of insurance.

On August 16, 1955, Baileys applied for the policy which, in renewal, is the subject of this action. In the application he signed his name under a declaration that the facts stated in the application were true and he requested Allstate to issue the insurance and renewals of the insurance in reliance upon those facts. Baileys thus adopted as his own answers the check marks placed beside the "no" boxes after two questions above. The questions were whether any insurance had been cancelled or refused to him or any member of his household and whether any permit to operate a motor vehicle had ever been revoked, either his or that belonging to any member of his household. Both the answers to these questions were false.

The question arose whether these answers were knowingly false. At various times Baileys gave statements concerning the events leading up to the issuance of the insurance policy. These inconsistent statements in various papers signed by defendant Baileys hardly could be attributed to forgetfulness; the events and acts to which they refer, in point of time, cannot conceivably support such an excuse. His testimony that he did not withhold material information from Allstate's agent cannot be accepted and relied upon.

In determining whether to accept or reject the application or risk it was material for the insurer to know whether there had been any prior cancellations of policies, or suspension of license, of the insured or any member of his household. It is essential to the binding action of the insurer that it have truthful answers to these questions.

As the first renewal date of the policy drew near, Baileys was sent the Supplement Page and premium notice covering the period August 17, 1956 to August

17, 1957, and acceptance of this Supplement Page was acceptance of a declaration that during the past two years with respect to Baileys or any member of his household no insurer had cancelled or refused any automobile insurance nor had any operator's permit been revoked. This statement was not true. The same procedure was adopted in renewing the policy from August 17, 1957 to August 17, 1958; i. e., the renewal papers were sent to Baileys thirty-five days before the expiration date, and Baileys sent the premium, which was accepted and retained until March, 1958.

■ However, on July 28, 1957, before the second renewal of the policy, Baileys caused the death of John H. Smith in an automobile accident. On July 31, 1957, Allstate sent a "reservation of rights" letter (Plaintiff's Exhibit G) to Baileys informing him that no action taken by Allstate with regard to claims arising from the death of Smith would operate to deprive Allstate of any rights.

Allstate's attorney in Akron, Ohio, represented Baileys for a time with respect to manslaughter charges against him (a separate retainer was paid by Baileys for these services) and on behalf of Baileys took three "Leave to Plead" journal entries in the wrongful death action filed by Smith's administratrix.

This action on the part of Allstate's attorney served to preserve the status quo until Allstate's investigation was completed and was completely consistent with the reservation of rights.

■ A more difficult question is presented by the fact that the policy was renewed for a second time after the accident and after the company had knowledge of the misrepresentations. Of course, the routine of sending out the premium notice was commenced prior to the accident and the premium check was cashed as a matter of routine without reference to the claims department. But the policy was apparently in effect until March 12, 1958, when the policy was cancelled and all premiums returned. In this seven-month period, as Judge Weick pointed out in his Memorandum re Motions for Summary Judgment, D.C. 1958, 192 F.Supp. 595, 596, there was a waiver of the grounds for forfeiture "at least with respect to any claims thereafter accruing under the renewed policy. English v. National Casualty Co., 138 Ohio St. 166, 34 N.E.2d 31."

Judge Weick further stated that in his opinion the precise question in this regard is "whether the conduct of the insurer in connection with the second renewal is so inconsistent with forfeiture that it is estopped from asserting the same."

At the time of the second renewal, the statement on the Supplement Page to the effect that insurance was not cancelled or refused and that no operator's permit was revoked would be true, for the period is within the past two years. In short, any statements made in the application would seem to be binding for a two-year period only. As a result, it would be fair to say that the policy was cancelled for the first two years because of the false statements, and for the third year because of the claim record of the insured during the second year. I can see no basis for holding that renewal of a policy after a claim has been made has a retroactive effect on the policy prior to the renewal.

Accordingly, I find that the plaintiff has established its right to the relief sought in its complaint, and an order may be entered to that effect.

This memorandum is considered compliance with Fed.Rules Civ.Proc. Rule 52(a), 28 U.S.C.A.