**GREAT AMERICAN RESERVE INSUR-
ANCE COMPANY, Appellant,**

v.

**Mrs. Mae Leola MITCHELL, Appellee.**

No. 13619.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1960.

Rehearing Denied July 13, 1960.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellant.

Jackson, Walker, Winsted, Cantwell & Miller, L. P. Bickel, Jack Pew, Jr., Dallas, for appellee.

POPE, Justice.

This is an action upon a group life insurance policy covering the employees of the City of Dallas. Mrs. Mae Leola Mitchell, a widow and the beneficiary of J. S. Mitchell, sued Great American Reserve Insurance Company and recovered $2,500, together with statutory penalty, attorney's fees and interest. The point in the case is whether an insurer, by waiver or estoppel, may alter the risks which the policy covers. Specifically, the policy insured employees only up to age 65. The trial court held that insurer accepted premiums and therefore waived or was estopped to defend under the policy provisions which insured Mr. Mitchell only up to the age of sixty-five. Plaintiff sued upon the insurance policy but claimed that the limitation of the risk to employees beneath the age of sixty-five was waived or the Company was estopped to claim that policy defense.

City of Dallas during 1954 applied to insurer for a group life insurance policy covering its employees. The application was for coverage of employees "in all occupational classes * * * except * * * employees age 65 and over, and those attaining age 65 at which time the insurance shall terminate." On October 1, 1954, insurer issued the policy sued upon and it provided that city's application, the application of the employees, and the policy itself constituted the entire contract. There is no dispute about this.

J. S. Mitchell was one of the employees covered by the policy at its inception. He was then 62 years of age. He filled in a form which showed that he was born January 24, 1892, and that form was delivered to insurer who retained it in its possession. City collected the premiums and sent them

to insurer with a list of employees on whose behalf they were paid. City mistakenly paid Mitchell's premium beyond the time he reached the age of 65 and insurer did not check the list against its own records. Mitchell was continuously employed by the city until November 2, 1957, when he died. Premiums were sent to insurer on Mitchell's behalf for eight months after he reached the termination age of 65. Mrs. Mitchell properly made proof of loss, and seventeen days after her husband's death insurer denied liability and tendered to her the eight months' premiums which she refused to accept.

Plaintiff's action is grounded upon the insurance policy issued on October 1, 1954. To recover on that policy, however, she must avoid in some manner the provision which expressly terminated her husband's rights eight months before his death. To recover under the contract, yet avoid that clause of the contract, plaintiff pleads that waiver and estoppel gave rise to a new affirmative claim against the defendant insurer by which insurer agreed also to insure beyond the age of 65.

 Plaintiff's claim and recovery run directly contrary to the settled Texas law of waiver and estoppel with respect to risks designated in an insurance policy. Waiver and estoppel may operate to avoid a forfeiture of a policy, but they have consistently been denied operative force to change, re-write and enlarge the risks covered by a policy. In other words, waiver and estoppel can not create a new and different contract with respect to risks covered by the policy. This has been the settled law of Texas since the decision in Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854. See also, Vaught v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 257 S.W.2d 445; Powell v. American Casualty & Life Co., Tex.Civ.App., 250 S.W.2d 744; Massachusetts Bonding & Insurance Co. v. Dallas Steam Laundry and Dye Works, Tex.Civ.

App., 85 S.W.2d 937; C. E. Carnes & Co. v. Employers' Liability Assur. Corporation, 5 Cir., 101 F.2d 739; 29A Am.Jur., Insurance, § 1135; 163 A.L.R. 691; 113 A.L.R. 857. In Hunter v. Jefferson Standard Life Insurance Co., 241 N.C. 593, 86 S.E.2d 78, the general rule is specifically applied to the continued acceptance of premiums after insured became overage under a policy risk. There was an acceptance of premiums for more than four years after the policy termination date, yet the Court adhered to the general rule, citing a multitude of precedents.

Not every jurisdiction adheres to the rule followed in Texas, though it is the rule of the majority. Many jurisdictions, in situations similar to the one here, have upheld the claim against an insurer upon grounds of waiver or estoppel. Bradford Funeral Service, Inc. v. Burks, 38 Ala. App. 111, 76 So.2d 783; Washington Nat. Ins. Co. v. Scott, 231 Ala. 131, 164 So. 303; Western Casualty Co. v. Aarons, 85 Colo. 591, 277 P. 811; Peninsular Life Ins. Co., Fla., 72 So.2d 389; National Life & Accident Ins. Co. v. Ransdell, 259 Ky. 559, 82 S.W.2d 820; Smith v. Liberty Life Ins. Co. of Topeka, Kan., 118 Neb. 557, 225 N.W. 688; Cook v. National Fidelity & Casualty Co., 100 Neb. 641, 160 N.W. 957; English v. National Casualty Co., 138 Ohio St. 166, 34 N.E.2d 31; Lipe v. World Ins. Co., 142 Neb. 22, 5 N.W.2d 95; Ivey v. United National Indemnity Co., 9 Cir., 259 F.2d 205; Boult v. Maryland Cas. Co., 5 Cir., 111 F.2d 257, certiorari denied 311 U.S. 672, 61 S.Ct. 35, 85 L.Ed. 432. The point, however, is not an open one in Texas. Plaintiff sued upon a policy and claimed that the age limit clause was deleted by reason of a waiver or estoppel. We regard the law settled against plaintiff.

The judgment is reversed and rendered that all relief be denied the plaintiff other than the recovery of premiums paid after the termination of the insurance.