**EMPLOYERS CASUALTY COMPANY,**
**Appellant,**

v.

**W. W. WEST, Appellee.**

**No. 7660.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 12, 1966.

Rehearing Denied Jan. 16, 1967.

See also Tex.Civ.App., 383 S.W.2d 251.

Crenshaw, Dupree & Milam, Lubbock, Tom S. Milam and Cecil Kuhne, Lubbock, of counsel, for appellant.

Stovall & Stovall, Plainview, Frank Stovall, Plainview, of counsel, for appellee.

NORTHCUTT, Justice.

This is a suit by W. W. West against Employers Casualty Company to recover damages sustained from alleged breach of a comprehensive liability insurance policy issued by appellant to the appellee based on appellant's refusal to defend a suit brought against appellee by a third party, Mrs. Carpenter, and husband, and appellant's refusal to pay the judgment rendered against West therein. The third party suit against West was based upon damages to the third party's land from the blowout of an oil and gas well drilled upon the land by West under an oil and gas lease.

On December 3, 1956, an oil and gas lease was made and entered into by and between Minnie Carpenter and husband, W. H. Carpenter, as lessor, and W. W. West, as lessee. In said lease the lessee contracted and agreed with the lessor as follows:

"Lessee shall pay a sum equal to one and one-half (1½) times the value of growing crops on said land as damages caused by operations under this lease to such crops. Since said land is irrigated farm land, Lessee shall use extraordinary care and precaution in all operations conducted on said land and shall not cause nor allow to exist any permanent or irreparable damage and shall conduct all operations so as to occupy only such surface area as is reasonably necessary. Lessee shall remova all slush, mud and BS from the land, fill and level all pits, mounds and excavations and otherwise restore the land so that it shall be suitable for the continuation of farming operations."

The lessee failed to pay lessor for the damages to the growing crops and remove the slush, mud and BS from the land and to restore the land as provided. Thereafter Minnie Carpenter joined by her husband brought suit against W. W. West alleging a breach of the oil and gas lease contract. Based on a jury verdict the trial court entered judgment for the Carpenters in the amount of $5,448.68. From that judgment W. W. West perfected his appeal as shown in the case of West v. Carpenter, 366 S.W. 2d 826 (Tex.Civ.App.-Amarillo, 1963, ref'd nre). In that opinion it was held as follows:

"Appellant agreed by the terms of the oil and gas lease to use extra ordinary care and precaution. It is appellant's contention the issue of whether appellant failed to use extra ordinary care should not be submitted in one issue, but should be separated into several elements, separately submitted. In our opinion, this contention is without merit. *The case was tried on the theory of an alleged breach of contract and not one of negligence.*" (Emphasis ours).

Hereafter Employers Casualty Company will be referred to as appellant and West

as appellee. The appellee brought this suit alleging the third party suit (366 S.W.2d 826) was within the coverage of the liability policy and in the alternative that they were entitled to recover under the theory of estoppel or fraud and contended appellant assured appellee that it would protect appellee against the claims of the Carpenters and that he relied upon such promise and but for such promise he could have settled the Carpenter's claim for $1,-000. The case was tried to a jury upon eight special issues and the court in considering appellant's motion to disregard the findings of the jury held that the motion to disregard certain jury findings should be sustained and sustained the motion to disregard the findings as to Issues Nos. 6, 7 and 8 but overruled said motion as to the findings as to Issues Nos. 1, 2, 3, 4 and 5. We will not consider Issues 6, 7 and 8 any further.

Special Issues 1 through 5, upon which judgment was rendered, constitute the submission of plaintiff's estoppel theory, the jury having found in such issues:

(1) That defendant represented to West that it would protect him against liability on the Carpenter claim;

(2) That West relied upon such representations;

(3) That West, in reliance upon such representations, failed to negotiate a settlement of the Carpenter claim;

(4) That West could have settled the Carpenter claim for an amount less than the ultimate judgment;

(5) That he could have settled the Carpenter claim for $1,000.

From that judgment appellant perfected this appeal.

Although appellant presents this appeal upon thirteen points of error, they are grouped together for argument. The appellant issued a comprehensive general liability policy to appellee effective September 1, 1956, to September 1, 1957. The policy provided certain coverage for liability injury and property damages and appellee's business was described as "oil producing and oil well drilling." Among the specific exclusions in the policy were "(c) To injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured; (e) Under the liability coverage, to liability assumed by the insured under any contract or agreement except liability of other assumed under a written contract relating to the premises."

The undisputed record in this case shows that the third party suit brought by Minnie Carpenter and husband against West was to recover damages caused by West in failing to comply with the terms of the oil and gas lease as he had contracted to do. The pleadings and findings of the jury in that case clearly showed that the case was tried on the theory of an alleged breach of contract and not one of negligence. (It was so determined in 366 S.W.2d 829). Appellee testified in this case that he knew that the policy of insurance did not cover any obligations that he agreed to pay for under the oil and gas lease. He further testified that sometime in the late spring or early summer of 1958 he had a conversation with a Mr. Heckman in which he was advised to say nothing further to Mrs. Carpenter; that the two-year statute of limitation would soon run on it and they would be released to that extent on the claim. He asked Heckman where that was going to leave him (West) on the contractual liability and that Heckman did not tell him anything. That conversation was over the phone. The third party suit, Carpenter v. West, was filed on November 30, 1960, approximately three years after the damage was done to the Carpenter's property.

We do not believe under this record the appellee was in any manner misled, but is seeking to invoke the doctrine of estoppel and waiver to bring into existence a contract not made by the parties, but to create a liability contrary to the express provisions of the contract the parties did make.

**294**

It is stated in the case of Great American Reserve Insurance Co. v. Mitchell, 335 S.W.2d 707 (Tex.Civ.App.-San Antonio, 1960, writ ref'd) as follows:

"Plaintiff's claim and recovery run directly contrary to the settled Texas law of waiver and estoppel with respect to risks designated in an insurance policy. Waiver and estoppel may operate to avoid a forfeiture of a policy, but they have consistently been denied operative force to change, re-write and enlarge the risks covered by a policy. In other words, waiver and estoppel can not create a new and different contract with respect to risks covered by the policy. This has been the settled law of Texas since the decision in Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d ,165, 113 A.L.R. 854. See also, Vaught v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 257 S.W.2d 445; Powell v. American Casualty & Life Co., Tex.Civ.App., 250 S.W.2d 744; Massachusetts Bonding & Insurance Co. v. Dallas Steam Laundry and Dye Works, Tex.Civ.App., 85 S.W.2d 937; C. E. Carnes & Co. v. Employers' Liability Assur. Corporation, 5 Cir., 101 F.2d 739; 29A Am.Jur., Insurance, § 1135; 163 A.L.R. 691; 113 A.L.R. 857."

See also Orkin Extermination Co. v. Massachusetts Bonding & Ins. Co., 400 S.W.2d 20, (Tex.Civ.App.-Houston, 1965).

The appellee herein contracted to be responsible for the damages recovered by the Carpenters against West and now seeks to recover from appellant for what he, the appellee, contracted to pay to the Carpenters. The appellee herein sued to recover upon the insurance policy and claimed that the exclusions provision in the policy was done away with by reason of a waiver and estoppel. We regard the law as settled against appellee.

Judgment of the trial court is reversed and rendered that appellee recover nothing by this suit.