**Mr. and Mrs. Roland TRACY, Appellants,**

v.

**UNITED STATES CASUALTY COMPANY, Appellee.**

**No. 24337.**

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1968.

---

Among the coverages provided was uninsured motorist coverage on each of two named automobiles owned by the insured, in the amount of $5,000 for each person and $10,000 for each occurrence.

Charles M. Haden, Jr., son of the insured, while driving an automobile not one of those named, was in a collision with an uninsured motorist. The car he was operating was owned by his grandparents. His grandmother, who was riding as a passenger, was injured. She and her husband sued United States Casualty, as Charles M. Haden's insurer, claiming $20,000 damages suffered by them as a consequence of the accident and due to them by reason of the uninsured motorist coverage of his policy.

As the basis for the claim that the Haden policy was applicable the appellants alleged facts which are subject to the construction that Haden, Jr., was using his grandparents' car as a temporary substitute automobile, but the policy provision concerning temporary substitute automobiles was not alleged.

The issue is presented to us as one of jurisdictional amount. The district court granted United States Casualty's motion to dismiss on the ground that as a legal certainty the amount in controversy was limited to the amount recoverable under the policy, which amount did not exceed $10,000. 28 U.S.C.A. § 1332 (1966).

The pleadings—and procedures—followed by both parties before the district court are less than a model of clarity and correctness. Doing the best we can with them, we are unable to say that as a legal certainty the amount in controversy is insufficient. Jones v. Landry, 387 F.2d 102 (5th Cir. 1967).

Paragraph 3 of the complaint alleged as an alternative theory that by reason of an amendment to the Texas Motor Vehicle Responsibility Law[1] coupled

Warner F. Brock, Brock & Williams, Houston, Tex., for appellants.

Ben Ramsey, Funderburk, Murray & Ramsey, Houston, Tex., for appellee.

Before BELL, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

United States Casualty Company issued an automobile insurance policy to Charles M. Haden, denominated as a Family Combination Automobile Policy.

---

1. Tex.Rev.Civ.Stat.Ann. art. 6701h. The amendment was adopted in 1963, Tex. Laws 1963, Ch. 506 § 1, at 1563, and relates to proof of ability to respond in damages for liability on account of accidents subsequent to the effective date of such proof.

with acts and conduct of the defendant after the effective date of the amendment United States Casualty had waived, and was estopped from asserting, a claim that the uninsured motorist coverage on each Haden car was not $10,000. Waiver and estoppel were pleaded as conclusions. But the insurer's motion to dismiss was based on the sole ground of lack of jurisdictional amount, the allegations thereof being supported by a "daily report" of United States Casualty attached to the motion and purporting to show basic information about the Haden policy, including the amount of uninsured motorist coverage. The motion was not verified. The defendant's motion for a more definite statement (which was never ruled on since the motion to dismiss was granted) was not directed to the allegations of waiver and estoppel. After the motion to dismiss was granted appellants filed a "motion to vacate." This motion, which purports to contain a copy of the policy as an exhibit, was not verified. The motion to dismiss, the motion to vacate, and the exhibits to both, together with the briefs and arguments before us, serve at least to point out matters going to waiver and estoppel which, if properly developed by the parties to the court below, will give the district judge considerably better tools with which to work.

Appellants claim that before the amendment of the Responsibility Act the maximum amount of uninsured motorist coverage that could be purchased was $5/10$, an amount equal to the minimum state financial responsibility requirement for liability coverage, and that when Haden purchased his policy he requested more than $5/10$ uninsured motorist coverage but was told this was the maximum written. Appellants assert that after the amendment the same measure of maximum coverage applied, so that $10/20$ became the maximum uninsured motorist coverage. They claim that after issuance of their policy, but before the accident, and as a consequence of the amendment, the appellee automatically and without directions from its policyholders and without formal notations on the policies themselves, increased its liability coverage on all $5/10$ policies to the new minimum of $10/20$, that the premium for $10/20$ uninsured motorist coverage after the accident was the same as Haden had paid for $5/10$ uninsured motorist coverage before the accident, and that after and by reason of the amendment appellee treated the limits of the uninsured motorist coverage in some of its policies as having been automatically doubled to $10/20$.

We are unable to say to a legal certainty, on the face of the pleadings properly before the district court, and in the light of the Texas law of waiver and estoppel as related to insurance policies,[2] that the appellants will not be able to show that the uninsured motorist coverage on each of the Haden cars was $10,000.

Nor are we able to say to a legal certainty that if the amount on each car was $10,000 the amount in controversy cannot exceed $10,000. This depends on whether there can be cumulation of the uninsured motorist coverages on the two Haden cars, which involves facts as to what the policy says and Texas law applied thereto. Southwestern Fire & Cas. Co. v. Atkins, 346 S.W.2d 892 (Tex.Civ. App.—Houston 1961, no writ); Greer v. Associated Indem. Corp., 371 F.2d 29, 33 (5th Cir. 1967); Kansas City Fire

---

2. E. g., Employers Cas. Co. v. West, 410 S.W.2d 291 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.); Orkin Exterminating Co. v. Massachusetts Bonding & Ins. Co., 400 S.W.2d 20 (Tex.Civ. App.—Houston 1965, no writ); White v. Great Am. Reserve Ins. Co., 342 S.W. 2d 793 (Tex.Civ.App.—Dallas 1961, no writ); Great Am. Reserve Ins. Co. v. Mitchell, 335 S.W.2d 707, 708 (Tex.Civ. App.—San Antonio 1960, writ ref'd); Powell v. American Cas. & Life Co., 250 S.W.2d 744 (Tex.Civ.App.—Dallas 1952, writ ref'd n. r. e.); Massachusetts Bonding & Ins. Co. v. Dallas Steam Laundry & Dye Works, 85 S.W.2d 937 (Tex.Civ.App.—Eastland 1935, writ ref'd).

& Marine Ins. Co. v. Epperson, 234 Ark. 1100, 356 S.W.2d 613 (1962); Travelers Indem. Co. v. Watson, 111 Ga.App. 98, 140 S.E.2d 505 (1965); Hilton v. Citizens Ins. Co. of New Jersey, 201 So.2d 904 (Fla.App.1967); Government Employees Ins. Co. v. Sweet, 186 So.2d 95 (Fla.App.1966); Central Surety & Ins. Corp. v. Elder, 204 Va. 192, 129 S.E.2d 651 (1963).

Reversed and remanded for proceedings not inconsistent with this opinion.