Bennie F. HOCUTT, Appellant,

v.

**PRUDENTIAL INSURANCE COMPANY
OF AMERICA et al., Appellees.**

No. 8137.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 25, 1973.

Rehearing Denied Oct. 30, 1973.

Sidney Lee, New Boston, for appellant.

Bun Hutchinson, Atchley, Russell, Wald-rop & Hlavinka, Texarkana, for appellees.

RAY, Justice.

This is a suit to recover the proceeds from two credit life insurance certificates issued under one group creditor's insurance policy. Bennie F. Hocutt (plaintiff), appellant, brought suit individually and in her capacity as independent executrix of the will of Marvin F. Hocutt, her deceased husband, to recover the sum of $10,000.00 alleged to be due pursuant to the terms of a certificate of insurance issued by the Prudential Insurance Company of America under group creditors' insurance policy No. GL–40373 (plaintiff's exhibit No. 10). Marvin Hocutt, during his lifetime, had incurred an indebtedness in excess of the sum of $10,000.00 for the purchase of equipment from Greenwood Tractor and Motor Company of Greenwood, Mississippi, and a credit life certificate of insurance (plaintiff's exhibit No. 7) was issued to him on 9–14–66. The certificate stated that the debtor (Marvin Hocutt) would be insured against the contingency of death, and that if he died while he owed the creditor, J. I. Case Company and/or J. I. Case Credit Corporation, that the Prudential Insurance Company of America would pay the creditor the amount owed by the debtor up to the amount for which the debtor was

insured. The certificate contained two provisions pertinent to the disposition of this case. First, the certificate contained the following language:

"The amount for which the debtor is insured under the Group Policy with respect to such indebtedness is the amount necessary to discharge such indebtedness. In no event, however, shall the amount of insurance under the Group Policy on the life of the debtor with respect to any one indebtedness of the debtor, or with respect to all indebtedness of the debtor if there is more than one such indebtedness, at any time exceed $10,000."

The second provision contained in the certificate is:

"The total amount of insurance under the Group Policy on the life of any one debtor is limited as set forth in this Certificate. If the debtor has been charged for insurance in excess of this limit, he should contact the creditor for an adjustment or refund."

Appellee insurance company took the position that the quoted provisions were common to both certificates and that it was liable only upon the Greenwood Tractor and Motor Company certificate (hereinafter called the Greenwood certificate) dated 9–14–66 (plaintiff's exhibit No. 7) and refused payment upon the Valley Equipment Company certificate (hereinafter called the Valley certificate) dated 2/23/67 (plaintiff's exhibit No. 10).

Trial was had to a jury which found that appellee insurance company had waived the $10,000.00 limitation on credit life insurance on the life of Marvin Hocutt in connection with the purchase made from the Valley Equipment Company and that a reasonable attorney's fee for representation of the plaintiff was $4,000.00.

The appellant thereafter filed a motion for judgment on the verdict of the jury, and the appellees filed a motion for judgment in their favor non obstante veredicto. The trial court granted the appellees' mo-

tion for judgment non obstante veredicto and entered judgment that appellant take nothing. Appellant has perfected her appeal and submits six points of error for this court's consideration. Appellee submits two crosspoints for our consideration, stating that the trial court erred in refusing appellees' motion for instructed verdict and in submitting Special Issue No. 1 which inquired as to whether the appellee Prudential Insurance Company waived the $10,000.00 limitation on credit life insurance on the life of Marvin Hocutt.

Basically, appellant urges that the trial court erred in not entering judgment in her favor because "The undisputed evidence showed that the appellee insurance company waived the provision in the certificate which was issued in connection with the Valley Equipment Company purchase" and which contained the same $10,000.00 limitation clause as the Greenwood certificate. Appellant further contends that Prudential was estopped to interpose the limitation provision because it had accepted the premium charged for the Valley certificate and retained the premium until after Hocutt's death. It is also contended by appellant that a fact issue existed as to whether or not Prudential waived the certificate's limitation provision and that "the appellee insurance company was estopped to interpose such provision for the purpose of evading its liability upon such two certificates of insurance or for either of them." By point of error 5, appellant takes the position that the limitation provision applied to "an indebtedness incurred with any one dealer and not to indebtednesses incurred with different dealers." By Point of Error No. 6, appellant states that the trial court erred in granting appellees' motion for judgment non obstante veredicto and in overruling the appellant's motion for judgment on the verdict because Marvin F. Hocutt and his wife, appellant, "believed and/or understood that such phrase and language effected a limitation with respect to indebtednesses incurred with one dealer and did not effect a limitation with respect to in-

debtednesses incurred with different dealers; and at all relevant times, the appellee insurance company and/or the appellee credit corporation knew or had reason to know, of such belief and understanding on the part of Marvin F. Hocutt and the appellant."

Credit life insurance and credit accident and health insurance are governed by Art. 3.53 of the Texas Insurance Code V.A.T.S. Section 6B states that "Each individual policy or group certificate of credit life insurance, and/or credit accident and health insurance shall, in addition to other requirements of law, set forth the name and home office address of the insurer, the name or names of the debtor and, in the case of a certificate under a group policy, the identity by name or otherwise of the person or persons insured, the full amount of premium or the total identifiable insurance charge, if any, to the debtor, separately for credit life insurance and credit accident and health insurance, a description of the coverage including the amount and term thereof, *and any exception, limitations and restrictions.  .  .  .*" (emphasis added).

■ The opinion delivered in Minnesota Mutual Life Insurance Company v. Morse, 487 S.W.2d 317, 320 (Tex.Sup.1972) is decisive of the issues presented here.  In the Morse case, the Court of Civil Appeals held that by the acceptance of the insurance premiums up to the date of the death of Morse, Minnesota Mutual had waived any defense relative to the disability of Morse and was estopped to deny coverage as to the date of his death.  The Supreme Court stated, "Whereas waiver and estoppel may operate to avoid forfeiture of a policy and may prevent an insurance company from avoiding payment because of the failure on the part of the insured to comply with some requirements of the policy, waiver and estoppel cannot enlarge the risks covered by a policy and cannot be used to create a new and different contract with respect to the risk covered and the insurance extended.  Great American Insurance Co. v. Mitchell, 335 S.W.2d 707 (Tex.Civ.App.1960, writ ref'd)."

■ There is no evidence in the record which would substantiate a finding that Prudential intentionally relinquished a known right with respect to its insurance certificate, and therefore no waiver occurred.  Acceptance of the premium charged for the Valley certificate until after Hocutt's death does not act as an estoppel to Prudential's claiming a limitation on the amount owed for all indebtednesses of the debtor under the terms of the group policy and the certificate of insurance issued in connection with the policy.  Waiver and estoppel are not doctrines to be used to provide coverage contrary to the express provisions of a contract.  Employers Casualty Co. v. West, 410 S.W.2d 291, 294 (Tex.Civ.App.Amarillo 1966, writ ref'd, n. r. e.) ; Minnesota Mutual Life Insurance Company v. Morse, supra.

The language of limitation on the faces of the certificates of insurance is plain and unambiguous and we believe was meant to forestall the very type of claim here made, because it plainly provides that "The total amount of insurance under the group policy on the life of one debtor is limited as set forth above in this certificate."  Further, on the face of the certificate, it provides that if the debtor has been charged for insurance in excess of the limit, then he should contact the creditor for an adjustment or refund.  The debtor was charged with notice of those provisions, and could have taken action to have protected himself had he only done so.

■ We find no merit in appellant's contention that the limitation in the certificate of insurance applied only to an indebtedness incurred with one dealer and not to indebtedness incurred with different dealers.  The language in the certificate and the policy is too clear to be construed in any other manner than that the one group policy applied to all indebtednesses and that the coverage would not be more than $10,000.00, regardless of the number of

certificates of insurance that were issued. The two certificates of insurance would have covered all of the indebtedness on the Valley equipment note and the Greenwood note, provided the combined totals of the indebtednesses did not exceed $10,000.00. The insurance company could not always know how much a particular debtor owed at any one given time, and it therefore did the only thing that it could do to limit the amount of its liability, and that was to insert the provision that was contained in the certificates of insurance which it issued. By contract, it shifted the burden of knowing the total indebtedness to the debtor who could only insure his life up to the sum of $10,000.00 with Prudential under one group credit life policy. If the debtor wanted more coverage, he would have had to obtain it under a different policy.

Appellant's points of error are respectfully overruled, and appellees' crosspoints 1 and 2A are sustained. Crosspoint 2B is not reached.

The judgment of the trial court is affirmed.