ERVIN, J.
Appellants, insurance carrier Florida Workers’ Compensation Joint Underwriting Association (FWCJUA) and its servicing agent, Travelers Indemnity Company, appeal an order finding that the employer, Countywide Tree Service, was covered by workers’ compensation insurance on October 23, 1995, when claimant, Richard Mun-dell, was injured on the job. Appellants contend that the judge of compensation claims (JCC) erred in concluding that FWCJUA’s notice of cancellation was inadequate, in deciding that cancellation was invalid under FWCJUA’s rules and procedures, and in applying the doctrine of es-toppel. We affirm.
It is undisputed that FWCJUA terminated Countywide’s workers’ compensation policy for the reason that Countywide had failed to submit a quarterly earnings report required by section 440.381(4), Florida Statutes (1993). We have carefully reviewed the provisions authorizing cancellation of policies in FWCJUA’s bylaws, Operating Manual, Service Provider Agreement, and Producer Manual, and agree with the JCC that none of the provisions appellants rely upon authorized termination of coverage based simply upon a failure to submit the quarterly tax report. FWCJUA thus failed to meet its burden of proving cancellation in accordance with its policy provisions. See Cat ‘N Fiddle, Inc. v. Century Ins. Co., 213 So.2d 701 (Fla.1968).
Moreover, we agree that FWCJUA was estopped from asserting cancellation of coverage, because it accepted Countywide’s premium payment on September 8, 1995, after it had issued the notice of .cancellation on August 29, 1995, to be effective October 3, 1995. See Peninsular Life Ins. Co. v. Howard, 72 So.2d 389 (Fla.1954).
Because FWCJUA’s cancellation was invalid for each of the reasons stated above, we do not reach the issue of the adequacy of notice.
AFFIRMED.
WOLF and WEBSTER, JJ., CONCUR.